IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                    )          CASE NO. BK04-84228
                                     )
FLORENCE ROMONA McCLINTON,           )          CH. 7
                                     )
            Debtor(s).               )

MEMORANDUM

    Hearing was held in Omaha, Nebraska, on June 29, 2006, regarding Filing No. 18, Motion to Reopen Chapter 7 Case, filed by the debtor, and Filing No. 19, Resistance, filed by Nebraska Workforce Development, Department of Labor. Katherine Owen appeared for the debtor and John Albin and William Russell Barger appeared for the Department of Labor. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I) and (O).

    In September of 2004, the debtor, who was at that time receiving unemployment benefits, received an overpayment of such benefits in the amount of $133. The Nebraska Workforce Development - Department of Labor ("NWD-DOL"), the entity that administers the unemployment insurance programs in the State of Nebraska, determined that the debtor had failed to inform the NWD-DOL that she had worked during a particular week and had earned an amount in excess of the weekly unemployment benefit. By statute, she was ineligible to receive a benefit during that week. When it came to the attention of the NWD-DOL that the debtor had received wages in excess of the unemployment benefit, it issued a "Notice of Adjudicator's Overpayment Determination" to the debtor stating that she had mis-reported her earnings for the week of September 18, 2004, and as a result received $133 unemployment benefits to which she was not entitled. The debtor did not contest or appeal that determination. She repaid $43 of the overpayment prior to the time that she filed a Chapter 7 bankruptcy petition on December 16, 2004.

    On January 10, 2005, NWD-DOL filed a proof of claim for the remaining $90 owed by the debtor for overpaid unemployment insurance benefits. It received no payment from the bankruptcy estate. The debtor received a discharge of all her pre-petition debts on March 13, 2005.

    In November or December of 2005, the debtor once again filed a claim for unemployment benefits. NWD-DOL notified the debtor that it would withhold some funds from each of her weekly checks until the $90 overpayment was repaid in full. NWD-DOL withheld $90 in benefits from debtor's subsequent unemployment benefits during the weeks ending February 13, 20 and 27 and March 6 and 13, 2006.

    On March 20, 2006, the debtor filed a motion to reopen the Chapter 7 case. The motion recites generally the facts described above and requests that the case be reopened so that she may file an adversary proceeding against NWD-DOL to recover the $90 payments obtained post-discharge. NWD-DOL resists reopening because, from its point of view, the adversary proceeding cannot be successful. It points to Nebraska Revised Statute § 48-665 for its authority to recoup overpayments. That statutory section states:

        Any person who has received any sum as benefits under the Employment Security Law to which he or she was not entitled shall be liable to repay such sum to the commissioner for the fund. Any such erroneous benefit payments shall be

collectible (1) without interest by civil action in the name of the commissioner, (2) by offset against any future benefits payable to the claimant with respect to the benefit year current at the time of such receipt or any benefit year which may commence within three years after the end of such current benefit year, except that no such recoupment by the withholding of future benefits shall be had if such sum was received by such person without fault on his or her part and such recoupment would defeat the purpose of the Employment Security Law or would be against equity and good conscience, or (3) by set-off against any state income tax refund due the claimant pursuant to sections 77-27,197 to 77-27,209.

Thus, it is the position of the NWD-DOL that the obligation of the debtor to it is not discharged in bankruptcy. To maintain that position, NWD-DOL suggests that the award of unemployment benefits in 2004, and their overpayment, and the award of unemployment benefits in 2005 and 2006, should be considered one continuous transaction. If there is only one continuous transaction, recoupment would be appropriate and would not be a violation of the discharge injunction.

As support for its position, NWD-DOL cites <u>Ross v. Missouri Div. of Employment Sec. (In re Ross)</u>, 104 B.R. 171 (E.D. Mo. 1989). In <u>Ross</u>, the district court reversed a finding by the bankruptcy court that collection of a pre-petition overpayment of unemployment benefits by the Missouri equivalent of the NWD-DOL was a prohibited "set-off" and not "recoupment". The <u>Ross</u> court suggested that the pre-petition obligation for the overpayment "is part of the same quasi-contractual claim MDES was asserting against Ross' post-petition filing for benefits." 104 B.R. at 173. In other words, the <u>Ross</u> court basically determined that the pre-petition payment of employment benefits under the Missouri statute and the post-petition application for employment benefits under the Missouri statute were so closely related legally and factually that they became part of one transaction, allowing the Missouri agency to withhold the overpayments from the latest unemployment benefit award notwithstanding a bankruptcy filing.

The <u>Ross</u> case and other cases decided by the bankruptcy courts, such as <u>In re Maine</u>, 32 B.R. 452 (Bankr. W.D.N.Y. 1983) and <u>In re Gaither</u>, 200 B.R. 847 (Bankr. S.D. Ohio 1996), were reviewed, criticized and not followed by the Second Circuit in the case of <u>Malinowski v. New York State Dept. of Labor (In re Malinowski)</u>, 156 F.3d 131 (2nd Cir. 1998).

The opinion in <u>Malinowski</u> was written by Eighth Circuit Judge John R. Gibson, sitting by designation in the Second Circuit.

He began by stating that the main issue in the case is whether the New York entity responsible for administering the unemployment benefits program, by withholding benefits to pay a pre-petition overpayment obligation, created a set-off or a recoupment. The court said the right of set-off permits entities that owe each other money to apply their mutual debts against each other. For a set-off, the mutual debts must arise from different transactions. In recoupment, the claim and counterclaim must arise out of the same transaction or set of transactions. 156 F.3d at 133.

The court went on to observe that the right of set-off is authorized by state statute or by contract, and upon the filing of a bankruptcy case, set-off is subject to the automatic stay of 11 U.S.C. § 362. Recoupment is not statutory but is based upon the common law and is not subject to the automatic stay because courts have found that funds subject to recoupment are not the debtor's property. <u>Id.</u>

In sum, the <u>Malinowski</u> court found that each award of unemployment benefits stands on its own and is a separate transaction. Therefore, recoupment is not applicable. Other circuit courts discussing similar factual situations, although interpreting the Social Security Act, have also refused to allow recoupment under these circumstances. <u>See</u> <u>Neavear v. Schweiker (In re Neavear)</u>, 674 F.2d 1201 (7th Cir. 1982) and <u>Lee v. Schweiker</u>, 739 F.2d 870 (3rd Cir. 1984).

The NWD-DOL suggests that if it is not permitted to collect overpayments in unemployment benefits simply because the debtor filed bankruptcy, the unemployment benefit system and the bankruptcy system will become rampant with fraud. The NWD-DOL is insistent that the misreporting of wage income was wrongful and should not be countenanced by permitting the overpayment obligation to be discharged in the Chapter 7 case. In addition, NWD-DOL insists that Nebraska statutory language authorizes the collection, notwithstanding the filing of a bankruptcy case.

In actuality, the Nebraska statute does not say one thing about bankruptcy. It sets up a system for collection of overpaid unemployment benefits outside of the bankruptcy system and without regard to whether the debtor may, after receiving an overpayment, file bankruptcy. On the other hand, the Bankruptcy Code, in Chapter 7, sets up a system for payment of debts from assets of a debtor which are liquidated and distributed to unsecured creditors on a pro rata basis by a trustee. If there are no assets to distribute, no unsecured creditors get paid. However, if a debtor has fraudulently obtained benefits, the Bankruptcy Code provides a method by which a creditor may stop the discharge of the obligation owed to it. It may file an adversary proceeding under 11 U.S.C. § 523 and, if it can prove the allegation of fraud, it will be permitted to take action under Section 48-665 of the Nebraska statutes after the discharge has been entered.

With all due respect to the district court opinion in <u>Ross</u> and the bankruptcy cases cited above, the three circuit court cases of <u>Malinowski</u>, <u>Neavear</u>, and <u>Lee</u>, dealing with unemployment benefits and Social Security benefits, more clearly discuss what "recoupment" really is, and discuss and apply the Bankruptcy Code and the intention of Congress to treat unsecured creditors in the same manner. There is no exception to discharge or dischargeability of a debt in favor of either the Social Security Administration or state agencies administering the unemployment benefit scheme.

Because reopening this bankruptcy case will allow the debtor to obtain a judgment in her favor and against the NWD-DOL, and preserve the integrity of the bankruptcy discharge, the motion to reopen will be granted.

Separate order will be entered.

DATED this 29th day of August 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Katherine Owen        John Albin
    William Russell Barger    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.